**IN THE UNITED STATES DISTRICT COURT**
**FOR NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

LULU TO PRO LLC,

Plaintiff,

Case No.: 1:26-cv-10803

v.

Aurex Ventures LLC, Voguevibe LLC and
Rhythovent Studios LLC,

Defendants.

**COMPLAINT**

Plaintiff, LULU TO PRO LLC ("LULU"), by the undersigned counsel, brings this action against Aurex Ventures LLC (operating the Amazon storefront "Bramble & Berry"), Voguevibe LLC (operating the Amazon storefront "LIVIR LLC"), and Rhythovent Studios LLC (operating the Amazon storefront "Rhythovent Studios") (collectively, "Defendants") and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act, 17 U.S.C. § 501 et seq.

2. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) and 1400(a) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including each Defendant's acceptance and processing of an order for an Accused Product placed for delivery to Chicago, Illinois.

3. This Court may exercise specific personal jurisdiction over each Defendant because each Defendant purposefully directed commercial activity toward Illinois. Each Defendant operates a fully interactive Amazon storefront through which it advertises and sells Accused Products to U.S. consumers, including Illinois consumers, and each Defendant accepted and processed an order for an Accused Product placed for delivery to Chicago, Illinois.

4. Plaintiff's claims arise out of and relate to each Defendant's Illinois contacts because each Chicago order was placed through that Defendant's respective Amazon storefront and involved an Accused Product embodying one or more of the LULU Food Artworks challenged in this action.

5. The exercise of specific personal jurisdiction over each Defendant therefore comports with Illinois law and due process.

6. Aurex Ventures LLC is a limited liability company organized under the laws of Missouri, Voguevibe LLC is a limited liability company organized under the laws of Mississippi, and Rhythovent Studios LLC is a limited liability company organized under the laws of Colorado.

## INTRODUCTION

7. Plaintiff, LULU TO PRO LLC, is the owner of multiple original two-dimensional pictorial works of authorship consisting of realistic illustrations depicting various food items, created for use as artwork on products (collectively, the "LULU Food Artworks"). The LULU Food Artworks were created in 2026 and are registered with the U.S. Copyright Office under Registration Nos. VA 2-502-572 and VAu 1-585-078 (the "Registrations"), which covers a group of two-dimensional pictorial works and identifies Plaintiff as the author and claimant. The Registration is valid, subsisting, and in full force and effect. The Registration predates the acts of

infringement alleged in this Complaint. A true and correct copy of the registration certificate is attached as Exhibit 1.

8. This action has been filed by Plaintiff to combat online copyright infringers who trade upon Plaintiff's reputation, goodwill, and valuable copyrighted works. Defendants are offering for sale and selling unauthorized products that embody unauthorized copies and/or derivative works of the LULU Food Artworks.

9. In an effort to unlawfully profit from the protected works, Defendants have created and operated their respective online storefronts (collectively, the "Defendant Internet Stores") and designed those storefronts to appear legitimate to consumers.

10. Upon information and belief, the Defendant Internet Stores share unique identifiers establishing a logical relationship among them and suggesting that Defendants' unlawful operations arise out of the same transaction, occurrence, or series of transactions or occurrences.

11. Plaintiff is therefore forced to file this action to combat Defendants' unauthorized reproduction, public display, distribution, and sale of products bearing unauthorized copies of the LULU Food Artworks. Plaintiff has suffered and continues to suffer irreparable harm through the loss of control over its copyrighted works, damage to the value and exclusivity of the LULU Food Artworks, injury to its goodwill and reputation, and interference with its ability to license and commercially exploit its copyrighted works.

## THE PLAINTIFF

12. Plaintiff, LULU TO PRO LLC, is a limited liability company organized under the laws of the State of New Mexico, with its principal place of business in New Mexico.

13. Plaintiff is engaged in the design, development, manufacture, marketing, and sale of blankets and other home décor products featuring its original copyrighted artwork, including the LULU Food Artworks. Plaintiff's business includes creating original food-themed illustrations, applying those illustrations to blankets and other consumer products, and selling such products to customers worldwide, including throughout the United States.

14. Plaintiff has invested substantial time, effort, creative skill, and financial resources in developing and commercializing the LULU Food Artworks and the products that incorporate those works. Plaintiff has also invested substantial resources in marketing, advertising, and promoting its products featuring the LULU Food Artworks, including through its own online store and sales channels.

15. Plaintiff sells blankets incorporating the LULU Food Artworks through various sales channels, including an official store on the Amazon.com platform (the "Official Store"). Product listings on the Official Store feature Plaintiff's own original product photographs depicting blankets incorporating the LULU Food Artworks.

16. As a result of Plaintiff's efforts, products incorporating the LULU Food Artworks, and the associated product images used in Plaintiff's listings, have become associated with Plaintiff and are recognized by consumers as originating from Plaintiff.

**THE DEFENDANTS AND THE DEFENDANTS' UNLAWFUL CONDUCT**

17. Defendants are United States limited liability companies that conduct business through fully interactive commercial Amazon marketplace accounts and storefronts. Each Defendant targets U.S. consumers, including consumers in Illinois and this District, by advertising, offering for sale, and selling consumer products, such as blankets and cellphone cases, that embody unauthorized copies of the LULU Food Artworks (the "Accused Products").

18. Defendant Aurex Ventures LLC is organized under the laws of Missouri and operates the Amazon storefront displayed as "Bramble & Berry." Defendant Voguevibe LLC is organized under the laws of Mississippi and operates the Amazon storefront displayed as "LIVIR LLC." Defendant Rhythovent Studios LLC is organized under the laws of Colorado and operates the Amazon storefront displayed as "Rhythovent Studios."

19. Without Plaintiff's authorization, each Defendant has publicly displayed one or more of the LULU Food Artworks in online listings for the Accused Products and has reproduced, distributed, and sold Accused Products featuring unauthorized copies of the LULU Food Artworks.

20. The Accused Products reproduce the protected expressive elements of the LULU Food Artworks in identical or substantially similar form. The extent and nature of the similarities support a reasonable inference of copying rather than independent creation.

21. Upon information and belief, Defendants' infringement is knowing and willful because they commercially exploited exact or near-exact copies of Plaintiff's copyrighted artwork without authorization. Their continuing conduct deprives Plaintiff of control over the reproduction, distribution, display, and licensing of the LULU Food Artworks.

## COUNT I

## COPYRIGHT INFRINGEMENT

22. Plaintiff repeats and incorporates by reference the allegations contained in the above paragraphs as though fully set forth herein.

23. The LULU Food Artworks are original works of authorship and constitute copyrightable subject matter under 17 U.S.C. § 101 et seq.

24. At all relevant times, Plaintiff has held and asserted exclusive rights in the LULU Food Artworks, including but not limited to the right to reproduce and distribute the works pursuant to the Copyright Act. Each work is the subject of a valid copyright registration issued by the Register of Copyrights.

25. Defendants, without authorization from Plaintiff, have offered for sale and sold products embodying copies and/or derivative works of the LULU Food Artworks. Defendants' acts constitute copyright infringement in violation of 17 U.S.C. § 501 et seq. Defendants' infringement is willful, intentional, and undertaken with knowledge of Plaintiff's rights.

26. As a result of Defendants' infringement, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504, including statutory damages or actual damages and Defendants' profits attributable to the infringement, and Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. § 505.

27. Defendants' conduct has caused and will continue to cause irreparable injury to Plaintiff that cannot be fully compensated by monetary damages. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting further infringement and requiring Defendants to destroy all unauthorized copies and infringing articles.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any Defendant and who receive actual notice of the injunction, be preliminarily and permanently enjoined from:

a. Reproducing, copying, or publicly displaying the LULU Food Artworks without Plaintiff's authorization;

b. Manufacturing, importing, distributing, advertising, offering for sale, or selling products embodying unauthorized copies or derivative works of the LULU Food Artworks;

c. Otherwise infringing Plaintiff's exclusive rights in the LULU Food Artworks;

d. Shipping or delivering any Accused Products or other products embodying unauthorized copies or derivative works of the LULU Food Artworks;

2) That Defendants be ordered, pursuant to 17 U.S.C. § 503(b), to destroy all unauthorized copies of the LULU Food Artworks and all articles by means of which such copies were reproduced;

3) For judgment in favor of Plaintiff and against each Defendant that such Defendant willfully infringed Plaintiff's rights in the LULU Food Artworks pursuant to 17 U.S.C. § 501;

4) For an accounting and disgorgement of each Defendant's profits attributable to that Defendant's infringement of the LULU Food Artworks pursuant to 17 U.S.C. § 504(b);

5) For an award against each Defendant of Plaintiff's actual damages and that Defendant's profits pursuant to 17 U.S.C. § 504(b), or, at Plaintiff's election, statutory damages pursuant to 17 U.S.C. § 504(c) for each infringed work, as permitted by law, including enhanced statutory damages of up to $150,000 for willful infringement, in an amount to be determined by the Court or jury, as appropriate;

6) That Plaintiff be awarded its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505;

7) For such other and further relief as the Court deems just and proper.

DATED: September 8, 2026 Respectfully submitted,

*<u>/s/</u> Qin Zhuang*
Qin Zhuang
870 Sunset Ave, Haworth, NJ 07641

201-905-4195
zhuangqin@zhuangip.com
***Counsel for Plaintiff***